UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Llano Financing Group, LLC,<br><br>    Plaintiff<br><br>v.<br><br>Brian Stanley,<br><br>    Defendant | 2:15-cv-02074-JAD-PAL<br><br>**Order Granting Motion to Dismiss, Granting Motion for Entry of Clerk's Default, and Vacating Hearing**<br><br>[ECF 13, 21] |

Llano Financing Group, LLC sued real estate appraiser Brian Stanley alleging that he negligently overvalued a property he appraised for Llano in February 2007.[1] Stanley moved to dismiss[2] and filed counterclaims for abuse of process and civil conspiracy.[3]

A few days later, on December 22, 2015, Magistrate Judge Leen granted Llano's counsel's second motion to withdraw as Llano's attorney.[4] Because Llano is a corporation that cannot appear except through counsel, Magistrate Judge Leen gave Llano 30 days to obtain new counsel.[5] She also warned Llano that, if it failed to timely obtain counsel, its case may be dismissed.[6] Almost two months later, on February 17, 2016, Stanley moved for entry of clerk's default on his counterclaims.[7]

To date, no new counsel has appeared on Llano's behalf as instructed by this court's December 22, 2015, order, and Llano has not opposed Stanley's motion to dismiss or motion for the

---

[1] ECF 1.

[2] ECF 13.

[3] ECF 17. Stanley also asserts claims for "alter ego/corporate veil" and "declaratory relief," but these are not stand-alone causes of action.

[4] ECF 16.

[5] *Id.* at 1.

[6] *Id.* at 1–2.

[7] ECF 21.

1  clerk's entry of default.  Under Local Rule 7-2(d), "[t]he failure of an opposing party to file points
2  and authorities in response to any motion shall constitute a consent to the granting of the motion."[8]
3  Because Llano has failed to comply with this court's previous order and does not oppose Stanley's
4  motion to dismiss, I grant Stanley's dismissal motion and dismiss Llano's complaint without
5  prejudice.

6        Stanley served Llano with his amended counterclaims on December 29, 2015—more than
7  two months ago.[9]  A clerk's default is proper "[w]hen a party against whom a judgment for
8  affirmative relief is sought has failed to plead or otherwise defend" the complaint.[10]  Llano has not
9  plead or otherwise defendant Stanley's counterclaims, so I also grant Stanley's motion for clerk's
10 default.

11       Accordingly, with good cause appearing and no reason to delay, IT IS HEREBY ORDERED,
12 ADJUDGED, and DECREED that Stanley's **Motion to Dismiss [ECF 13] is GRANTED**.  Llano's
13 complaint is dismissed without prejudice.

14       IT IS FURTHER ORDERED that Stanley's **Motion for Entry of Clerk's Default [ECF 21]**
15 **is GRANTED.**  The Clerk of Court is directed to enter default against Llano on Stanley's
16 counterclaims.

17       IT IS FURTHER ORDERED that the hearing set for **March 7, 2016, is VACATED.**
18       Dated this 4th day of March. 2016.

_____
Jennifer A. Dorsey
United States District Judge

---

[8] L.R. 7-2(d).

[9] ECF 18 (Certificate of Service).

[10] FED. R. CIV. P. 55(a).